IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| CHRISTOPHER H. WEST, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Civ. No. 14-1486-GMS |
| WARDEN PIERCE, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, Christopher H. West ("West"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.[1] (D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 4.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).

### II. BACKGROUND

The plaintiff alleges that, from April 2013 to date, the defendants have violated his right to be free from cruel and unusual punishment/ torture, right to legal work, and religious freedom. West alleges that he suffers from an unstable mental condition and, due to his self-injurious behavior, was to be constantly watched and have no access to sporks, pens, or toothbrushes. In addition, corrections staff were to thoroughly search rooms where West was placed because he was on psychological close observation.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

In April 2013, the defendant Corporal Katrina Burley ("Burley") was taking West to the infirmary to undergo an x-ray. There was not a mental health observer in the x-ray room, and Burley failed to secure an ink pen which West then grabbed and then swallowed.[2] Burley ordered another correctional officer to choke Burley and she pepper sprayed Burley during the choking. West alleges that the combined and cumulative effect of the officer's choking him and the pepper spray caused the pen to rupture West's esophagus and lodge in his throat. West was airlifted to the hospital for emergency surgery.

Upon his return to the VCC, West was placed in solitary confinement. West alleges his placement in solitary confinement exacerbated his mental disorders. He alleges that the defendant nurse practitioner Rhonda Montgomery ("Montgomery") stopped his medication. West alleges that the defendant Dr. Paola Muñoz ("Dr. Muñoz") began working with the defendant Dr. Lynch around July 2014. Dr. Muñoz set some parameters for West while he was housed in solitary confinement including denial of recreation (three hours per week), no access to legal work, no bible, soap only three times per week and only in the shower, observation by camera, and removal of books/newspapers.

West wrote to the defendant Warden Pierce ("Pierce") and the Attorney General of the State of Delaware regarding threats and the denial of his federal rights. West alleges that his requests were denied and further restrictions were visited upon him. West alleges that the defendant Deputy Warden Parker ("Parker") told Dr. Muñoz and Montgomery, "we had a helluva time with this guy swallowing stuff up [in] HRYCI, we put him in population and he was fine until they brought him down here and stuck him in the SHU." (D.I. 1.) West alleges that the defendants knew his placement in solitary confinement and the restriction of his family

---

[2] West was having an x-ray to locate a spork that he had previously swallowed.

2

support was cruel and unusual punishment. Finally, West alleges that in June 2014, he filed a habeas corpus petition, but it was intercepted by administration and destroyed.[3]

West seeks compensatory damages and injunctive relief.

## III. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because the plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

---

[3] The court takes judicial notice that West filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court on December 23, 2014. *West v. Pierce*, Civ. No. 14-1513-GMS (D. Del.). To the extent West alleges denial of access to the courts, the claim fails. A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Here, West has failed to show actual injury.

3

28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

4

## IV. DISCUSSION

West claims that he was subjected to excessive force, he was denied medication, and he was housed under unlawful conditions of confinement while housed in solitary confinement and/or the Security Housing Unit ("SHU"). West will be allowed to proceed with his excessive force claim against Burley.

However, the allegations with regard to the stopping of medication, without more, do not rise to the level of a constitutional violation. Similarly, the conditions of confinement claims fail to rise to the level of a constitutional violation. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

Although the conditions to which West was subjected may be harsher than those in minimum security, they do not constitute a denial of "the minimal civilized measures of life's necessities." *See, e.g., Williams v. Delo*, 49 F.3d 442, 444–47 (8th Cir. 1995) (holding no Eighth Amendment violation where prisoner was placed in a strip cell without clothes, the water in the cell was turned off and the mattress removed, and prisoner's bedding, clothing, legal mail, and

5

hygienic supplies were withheld). West may have found his conditions of confinement in solitary confinement and/or SHU uncomfortable, but they are no different than those afforded to other inmates who are housed there.

## V. CONCLUSION

West will be allowed to proceed with his excessive force claim against Burley. The court will dismiss the remaining claims and the defendants Warden Pierce, Scarboro, Parker, Jeffrey Crothers, Brennan, Dr. Paola Muñoz, Dr. Ray Edward Lynch, and Rhonda Montgomery as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b).[4]

An appropriate order will be entered.

_____April 15_____, 2015
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE

---

[4] Scarboro, Jeffrey Carothers, and Brennan are named as defendants in the caption of the complaint but there are no allegations directed against them in the body of the complaint.