IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER H. WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-1486-GMS |
| | ) |
| KATRINA BURLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff Christopher H. West ("West"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (See D.I. 6.)

## II. BACKGROUND

West requests counsel on the grounds that the defendants were granted additional time to complete discovery to depose him. (D.I. 60.) West states that he will be at a substantial disadvantage if his deposition is allowed to proceed without his representation by counsel. He also states that he has no internet/computer access, no physical access to the law library, is in solitary confinement, and currently is not receiving treatment for his unspecified mental issues. He further states that testimony of medical professionals may be needed. The defendants voice concern that West's motion, if granted, may have an impact on the current deadline for filing dispositive motions. (D.I. 63.)

## III. DISCUSSION

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing the plaintiff's requests, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate the plaintiff's ability to articulate his claims and represent himself. Thus, in

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

these circumstances, the court will deny without prejudice to renew the plaintiff's request for counsel. (D.I. 60.) Should the need for counsel arise later, one can be appointed at that time.

Finally, the court will enter an order to extend the discovery deadline and the deadline for filing dispositive motions.

## IV. CONCLUSION

For the above reasons, the court will deny West's request for counsel (D.I. 60) and will amend discovery and dispositive motion deadlines.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____May 4_____, 2017
Wilmington, Delaware